## LAWRENCE, Gdn v
## WOODCOX, Admrx et, Etc
### (2 cases)

Ohio Appeals, 2nd Dist, Miami Co

Nos 322 & 323.   Decided Dec 28, 1933·

Shipman & Shipman, Troy, for plaintiff.
Berry & McCulloch, Piqua, for defendant.

### OPINION

By HORNBECK, PJ.

The facts heretofore set forth are undisputed in the record.   It is the claim of the plaintiff that Emma J. Woodcox, the widow of I. N. Woodcox, had possession of the will of her husband and suppressed its offering for probate for more than three years after her husband's decease and that by virtue of §10542 GC she is barred of any rights under the will and that the estate of which I. N. Woodcox died seized and possessed should pass to his only heir, Ray H. Woodcox and upon his death to the plaintiff, his adopted daughter.

It is also claimed that the mortgagees were put upon constructive notice of the state of the title of the property owned by I. N. Woodcox on his decease, upon the record in the Probate Court and therefore are not mortgagees in good faith.

The extent to which Emma J. Woodcox had possession and control over the will of her deceased husband is controverted in the record.   It is the contention of the defendant companies that Ray H. Woodcox, had possession and control of the will of his father and this position is supported by some of the testimony in the record.   It is further claimed by the defendant companies that Ray H. Woodcox sustained a confidential relation to his mother, acting for her in business matters; that he knew of the existence of the will of his father and of the interest passing to his mother thereby and that he was estopped from asserting any right by virtue of the failure to probate the will within the time prescribed by the statute and that his adopted daugh-

ter, taking by representation of her father, is likewise barred.

The evidence discloses that Emma J. Woodcox did have knowledge of the will of her husband and the extent to which she was benefitted thereby. She did have, no doubt, the power to do something which would have enabled the Probate Court to have required the will to be probated. But it is also highly probable that her son, Ray H. Woodcox was the controlling factor in the failure to probate the will sooner. This is but reasonable inasmuch as his mother had no cause, insofar as the provisions of the will were concerned, to withhold it from record. On the contrary, she had every reason, being its sole beneficiary to see that it was probated. Her conduct, therefore, would seem to be explained for some other reason and probably because of her affection for her son. His interest would be advantaged by keeping the will from probate.

A fair consideration of the record brings the facts clearly within the third syllabus of Mitchell v Long et, 9 O.N.P. (N.S.), 113:

"A son who had enjoyed the full confidence of his mother and has acted as her business agent, and who had full knowledge of the existence of a will left by his deceased brother which had never been probated, and which devised to his mother the interest of such in certain lands, is precluded from asserting against their mother the forfeiture of such devise because of the lapse of the three year period for probate; nor, following the decease of such son intestate as to such interest, can his widow assert title thereto."

This case was affirmed in the Circuit Court and in the Supreme Court in 82 Oh St, 411.

We are satisfied that upon the application of the law of this case to the facts in the instant suit, Ray H. Woodcox could not be heard to assert his interest against his mother and that the right of his adopted daughter to take from her father would only be by representation; that inasmuch as he is barred she, likewise, would be barred. This is the major proposition in the case and is determinative that the title to the property of I. N. Woodcox, deceased, passed to his widow and that the defendants securing their mortgages from the widow of I. N. Woodcox and widow of Ray H. Woodcox who had a life estate under a deed from Emma J. Woodcox, would have valid and subsisting mortgages.

We have read the opinion of the trial judge and are in accord with his determination of fact and law and inasmuch as he had discussed all questions presented freely we adopt his opinion as a part. of this decision.

Judgment and decree accordingly.

KUNKLE and BARNES, JJ, concur.